FILED

JUL 21 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | **Case No.** |
| v. | § | SA25CA0863JKP |
| | § | |
| SOLCHARGE NANO LLC D/B/A GLEAM | § | |
| SOLAR and MUDASSAR SAYEED | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      This action seeks statutory damages and injunctive relief to stop Defendants Solcharge Nano, LLC, its principal, Mudassar Sayeed, and its agents, using the fictitious business names "Gleam Solar" from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls utilizing an artificial or prerecorded voice to market solar panel goods and services. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2.      Defendants and their agents utilized deceptive practices spoofed telephone numbers, to conceal their identities and continue their unwanted solicitations. Furthermore, when Plaintiff attempted to obtain identifying information or inquire about do-not-call procedures, Defendants' agents abruptly terminated the calls. Defendants' conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

## BACKGROUND ON THE TCPA

3.      Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

1

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4.      Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5.      The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7.      Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing

additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8.      In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9.      This Court has personal jurisdiction over the Defendants as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

11.     Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12.     Defendant Solcharge Nano, LLC is a Texas limited liability company and may be served with process through its registered agent, Mudassar Sayeed, at 13601 Preston Road, Suite W712, Dallas, TX 75240.

13.     Defendant Mudassar Sayeed is a natural person and may be served with process at 7712 Querida Ln, Dallas, TX 75248.

14.     Defendants are each a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

15.    On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

16.    Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

17.    Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

18.    Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

19.    Plaintiff has never had any prior business relationship with Defendants, has never been a customer, and has never granted express written consent to Defendants or any entity acting on their behalf to receive telemarketing calls.

20.    On or around February 5, 2025, at approximately 2:50 PM, Plaintiff received an unsolicited telemarketing call on his cellular telephone from the number 386-210-2879.

21.    Upon answering, Plaintiff was greeted not by a live person, but by an artificial or prerecorded voice message. The prerecorded voice stated: "Hi, this is Julane from Gleam Solar, a veteran owned and operated company. How are you doing today?"

22.    The robotic nature of the call was immediately apparent. When the prerecorded message paused, Plaintiff asked, "What company?" Instead of responding to the direct question, the prerecorded voice continued its script unabated, stating, "I am calling from Gleam Solar, a veteran owned and operated company. We're reaching out to homeowners in your area..." The

4

non-responsive nature of the message, which continued as if no question had been asked, demonstrates it was a one-way prerecorded statement incapable of interactive conversation.

23.    The call was then transferred to a live agent who identified himself as "Michael Brown." When Plaintiff attempted to inquire about the company's identity and location, the agent became evasive and abruptly terminated the call.

24.    On February 11, 2025, at approximately 2:18 PM, Plaintiff received another unsolicited telemarketing call on his cellular telephone, this time from the number 214-459-4622.

25.    This call began with the identical artificial or prerecorded voice message from the February 5th call, again identifying the caller as being from "Gleam Solar." The call was then transferred to a live agent who identified himself as "Roger."

26.    During the call with "Roger," Plaintiff asked if the company maintained an internal do-not-call list. In direct response to this question, the agent immediately terminated the call, thereby refusing to honor Plaintiff's implied request to be placed on such a list and preventing him from making a formal request.

27.    The aforementioned calls, which expressly used the name "Gleam Solar," were made to solicit the sale of solar panel goods and services for the direct financial benefit of Defendant Solcharge Nano, LLC, which operates under the d/b/a "Gleam Solar." These calls were initiated by Defendants or their third-party agents with the full knowledge, direction, and authority of Defendants. Defendant Solcharge Nano, LLC is therefore directly and vicariously liable for these violations.

28.    Upon information and belief, Defendant Mudassar Sayeed, as the managing member and registered agent of Solcharge Nano, LLC, personally participated in, authorized, directed, or ratified the unlawful telemarketing campaign. As the individual in control of the company's operations and marketing strategies, he is the guiding force behind the decision to use

5

aggressive and unlawful telemarketing tactics and personally profits from this illegal conduct. He is therefore individually liable for the tortious acts committed by the company under his direct control.

29.     Defendants' actions of repeatedly calling Plaintiff's residential telephone number using deceptive tactics, were willful and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, wasted time, anxiety, depletion of his cellular phone's battery life and intrusion upon seclusion.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

30.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29.

31.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

32.     At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendants' calls.

33.     Defendants, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of its solar panel goods and services.

34.     Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

35.    The aforementioned violations were made willfully and knowingly. Defendants' willful intent is evidenced by their use of spoofed telephone numbers to conceal their true identity and their agents' practice of abruptly terminating calls when questioned.

36.    As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation, for which Defendants are also jointly and severally liable.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**(47 .S.C. § 227(b))**

37.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 29.

38.    The TCPA's implementing regulation, 47 USC § 227(b), provides that [i]t shall be unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to cellular telephone service. § 227(b)(1)(A)(iii).

39.    On or around February 5, 2025, and February 11, 2025, Defendants, directly or through their agents, initiated telemarketing calls to Plaintiff's cellular telephone number.

40.    These calls were made using an artificial or prerecorded voice. The robotic and non-interactive nature of the message was evident when the prerecorded voice continued its scripted solicitation without acknowledging or responding to Plaintiff's direct questions. The use of the identical prerecorded message on multiple occasions further demonstrates its automated nature.

41.     Plaintiff never provided Defendants with prior express written consent to receive telemarketing calls made with an artificial or prerecorded voice.

42.     Defendants initiated these calls to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

43.     The aforementioned violations were made willfully and knowingly. Defendants' use of a prerecorded voice as the initial point of contact in a widespread telemarketing campaign demonstrates a deliberate and systematic business practice designed to solicit customers in conscious disregard of federal law.

44.     As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award, treble damages of up to $1,500 for each violation, for which Defendants are also jointly and severally liable.

## COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

45.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29.

46.     Defendants engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of solar panel goods and services.

47.     Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

48.     A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on July 16, 2025, confirming that neither Defendants is registered

as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

49.     Defendants, as the principal entities that directed, controlled, and financially benefited from the telemarketing campaign targeting Texas consumers, had a non-delegable duty to ensure compliance with Texas registration laws, which they failed to do.

50.     Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

51.     Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Texas Business and Commerce
### (Tex. Bus. & Com. Code § 305)

52.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 29.

53.     Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

54.     As alleged in detail in Counts I and II Defendants violated 47 U.S.C. § 227(b) and §227(c) by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the

number being registered on the National Do Not Call Registry and utilizing and artificial or prerecorded message during calls placed to Plaintiff.

55.    Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

56.    Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

57.    Furthermore, because Defendants' violations were committed knowingly or intentionally, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendants, jointly and severally:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the TCPA, 47 U.S.C. § 227(b), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

C. For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

D. For Defendants' violations of the Texas Business & Commerce Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

10

E.  Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

F.  Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

G.  Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H.  Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 16, 2025                         Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663

11